

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00225-CV

## IN THE INTEREST OF D.I.T.S. AND D.T.T., CHILDREN

**From the 12th District Court**
**Madison County, Texas**
**Trial Court No. 12-13048-012-09**

## MEMORANDUM OPINION

This is an appeal by both the mother, S. S., and the father, M. T., whose parental rights as to their children were terminated. S. S. and M. T. are represented by different attorneys on appeal. We have had difficulty in the timely prosecution of this appeal by both attorneys.

The notices of appeal for this case were filed in July of 2013. In August, the Clerk of this Court notified each attorney that their respective docketing statements were past due. In September, the Clerk again notified each attorney that the docketing statements were past due. The Clerk also notified each attorney that the reporter's record was past due and apparently had not been requested. S. S.'s attorney was further notified that

the filing fees for this appeal were past due and that there was no indication in the clerk's record that S. S.'s attorney was court-appointed or that S. S. was currently indigent. The Clerk requested that certain actions be taken by the attorneys within 14 days from the date of the notice. Although S. S.'s docketing statement was filed and we received other communication by S. S.'s attorney, no other action was taken.

On October 4, 2013, the Clerk again contacted each attorney by letter and requested that, within 14 days, they either: 1) amend the notice of appeal to add the statement required by Rule 25.1(d)(8), if applicable, that the appeal is from an order terminating parental rights and that the appellant is presumed indigent and thus may proceed without advance payment of costs; 2) pay the necessary filing fee for this appeal; or 3) file the necessary affidavit of indigence pursuant to Rule 20.1 if necessary. M. T.'s attorney was also requested to file a docketing statement and request the preparation of the reporter's record. Fourteen days passed and the only action taken on the Clerk's request was that M. T.'s docketing statement was filed.[1]

It is unusual that both attorneys in this type of appeal would not be persistent in pursuing this appeal in a timely fashion. Thus, we questioned whether the parties themselves wished to continue with the appeal. On November 14, 2013, we abated this appeal to the trial court to hold a hearing, within 14 days from the date of this order, to determine whether each appellant, not their respective attorneys, wished to continue

---

[1] The reporter's record was filed on October 8, 2013.

with the appeal. The trial court held such a hearing but neither S. S. nor M. T. appeared. Thus, the trial court concluded that neither S. S. nor M. T. wished to continue with their appeals.

Accordingly, this appeal is reinstated and is dismissed in its entirety for want of prosecution. *See* TEX. R. APP. P. 42.3(b).

S. S.'s Motion to Allow Confirmation of Indigency and Motion for Decision on the Record, both filed by S. S.'s attorney prior to our abatement order, are dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed December 19, 2013
[CV06]